Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
David Fleck (State Bar No. 192912)
  *david.fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF
REDONDO BEACH and OFFICER
WARREN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW RALSTON, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION [28 U.S.C. § 1441]** |
| v. | |
| CITY OF REDONDO BEACH, OFFICER WARREN, AND DOE OFFICERS 1-10, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA:

Defendants CITY OF REDONDO BEACH and OFFICER WARREN

("removing defendants") file this Notice of Removal pursuant to 28 U.S.C. §§1441

and 1446, and hereby remove to this Court the state court action described below.

1.     The action pending in the Superior Court of the State of California in and for the County of Los Angeles, entitled Matthew Ralston, Plaintiff, vs. City of Redondo Beach, Officer Warren, and Doe Officers 1-10, Defendants; Los Angeles Case No. 26STCV00512, was commenced on January 8, 2026.

2.     The first date on which removing defendants received a copy of the pleading was January 21, 2026, when the City Clerk's Office for the City of

---

**NOTICE OF REMOVAL OF ACTION [28 U.S.C. § 1441]**

Redondo Beach received a copy of the summons and complaint. A copy of this complaint is attached hereto and incorporated herein as Exhibit "A," as required by 28 U.S.C. § 1446.

3.      Exhibit A at paragraph 42, page 9, alleges "the individual officers violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution." This demonstrates that  the action pending in the state court is a civil action within the original federal question jurisdiction of the federal district courts under 28 U.S.C. §§ 1331 and 1343, in that it arises under 42 U.S.C. §1983 of the Federal Civil Rights Act.

4.      Because the state court action is one within the federal question jurisdiction of the federal district courts, the action is removable to federal court without regard to the citizenship of the parties under 28 U.S.C. § 1441(a) and (b).

5.      Removal to this district court is proper under 28 U.S.C. § 1441(a) because the Superior Court of the State of California for the County of Los Angeles is geographically located within this Court's jurisdiction.

6.      Removal is timely under 28 U.S.C. § 1446 because this Notice of Removal has been filed within 30 days of the service of the complaint on Officer Warren.

7.      Removal is proper under 28 U.S.C. § 1446(b) because all named defendants who have been served have joined in this Notice of Removal.

DATED:  February 26, 2026          **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:  /s/ Mildred K. O'Linn
     Mildred K. O'Linn
     David L. Fleck
     Attorneys for Defendants City of Redondo Beach and Officer Warren

2

**NOTICE OF REMOVAL OF ACTION [28 U.S.C. § 1441]**

# EXHIBIT "A"

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/08/2026 8:49 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Rodriguez, Deputy Clerk

GREG L. KIRAKOSIAN (SBN 294580)
[greg@kirakosianlaw.com]
RAFFI S. BATANIAN  (SBN 326338)
[raffi@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
MATTHEW RALSTON

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MATTHEW RALSTON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDONDO BEACH,<br>OFFICER WARREN, AND DOE<br>OFFICERS 1-10,<br><br>Defendants, | Case No.:   26STCV00512<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. False Arrest / Imprisonment;<br>2. Negligence;<br>3. Violation of the Bane Act (Cal. Civ. Code § 52.1);<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

PLAINTIFF'S COMPLAINT FOR DAMAGES

**INTRODUCTION**

1. Plaintiff Matthew Ralston ("Plaintiff"), hereby files this civil rights and state tort action against Defendants the City of Redondo Beach, Officer Warren (#1350), and DOE Officers 1-10. As discussed in further detail herein, this Complaint seeks compensatory and punitive damages against Defendants for violating various rights in connection to unlawful conduct and the unlawful manner of seizing, searching, and arresting Plaintiff on April 26, 2025, in the County of Los Angeles. Plaintiff alleges that the Defendants' conduct was a violation of Plaintiff's rights and caused him damages.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is proper in the Superior Court of the State of California for the County of Los Angeles, which is a court of general jurisdiction. Personal jurisdiction over all Defendants is proper under California Code of Civil Procedure section 410.10, which provides that California courts are authorized to exercise jurisdiction over parties "on any basis not inconsistent with the Constitution of this state or of the United States."

3. Venue is proper because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, Plaintiff's injuries were sustained, in whole or in part, in the County of Los Angeles, and because Plaintiff is informed and believe that all Defendants reside in the County of Los Angeles, California.

**PARTIES AND GENERAL ALLEGATIONS**

4. At all relevant times, the individual Plaintiff Matthew Ralston was residing in the City of Venice in the County of Los Angeles, California.

5. At all relevant times, Defendant City of Redondo Beach is and was a governmental entity organized and existing under the laws of the State of California in the County of Los Angeles, California.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

6. At all relevant times, City of Redondo Beach is and was a chartered subdivision of the State of California with the capacity to be sued. City of Redondo Beach is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant City of Redondo Beach was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

7. Defendant City of Redondo Beach was timely served with a claim for damages on or about September 15, 2025, pursuant to California Government Code §§ 910 and 911, *et seq.* The claim for damages was rejected on or about 45 days thereafter. In accordance with Government Code § 945.6, Plaintiff hereby timely file this Complaint within six months of the date of that rejection.

8. At all relevant times, Officer Warren and DOE Officers 1-10, were individuals residing in the County of Los Angeles, California. Hereinafter, these individual Defendants (including the DOE Defendants) will be referred to collectively as the "Individual Officers."

9. Pursuant to California Government Code sections 820 and 820.8, the Individual Officers, as public employees, are not immune and can be held directly liable for injury caused by their acts or omissions to the same extent as a private person. Pursuant to section 820.4, no immunity is provided to public employees for their conduct arising from false arrest or false imprisonment. It is clearly established law that peace officers are not afforded discretionary immunity under section 820.2 for their own unreasonable actions, violations of policy, violations of the Fourth Amendment or any state statute, use of unreasonable force, lack of reasonable suspicion or probable cause, or other negligent or intention misconduct without just cause simply because they are acting as a public employee. See also California Civil

KIRAKOSIAN LAW, APC

PLAINTIFF'S COMPLAINT FOR DAMAGES

Code section 43.55 and California Penal Code section 836.

10.    At all relevant times, the Individual Officers were acting under the color of law within the course and scope of their employment and duties as agents for Defendant City of Redondo Beach. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Redondo Beach. Pursuant to California Government Code Section 815.2, Defendant City of Redondo Beach is vicariously liable for the acts, omissions and conduct of its employees.

11.    The true names and/or capacities of the Individual Officers designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

12.    Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times,   each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein.

14.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

- 4 -

PLAINTIFF'S COMPLAINT FOR DAMAGES

15. Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

16. Hereinafter, the Individual Officers (including the Individual DOE Defendants) and the City of Redondo Beach will be collectively referred to as "Defendants".

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

18. This complaint seeks compensatory and punitive damages against the Individual Officers in connection to an incident that occurred on April 26, 2025, at approximately 10:00 AM., at or near the "Surf Club", located at 239 N Harbor Dr., in the City of Redondo Beach, in the County of Los Angeles.

19. Prior to any law enforcement interaction, Plaintiff was walking, specifically leaving the Surf Club after a minor verbal argument with a coworker. Around this time, Plaintiff saw an Individual Officer speaking with his coworker. The officer asked Plaintiff what he was doing, and Plaintiff replied that he was leaving. Without further inquiry, the Individual Officer walked up to Plaintiff and stated he was going to jail.

20. The Individual Officer immediately placed Plaintiff in handcuffs without asking any questions or conducting any investigation. Plaintiff repeatedly asked if he was being detained or arrested, and the reason for such, but received no response. Plaintiff remained completely compliant throughout.

21. Plaintiff was placed in a patrol vehicle and transported to the Redondo Beach Jail. He continued to ask what was happening but received no information. Plaintiff would later learn that he was arrested for an alleged violation of Penal Code § 647(f): "Public Intoxication." Plaintiff not only denies being intoxicated, but any reasonable suspicion or probable cause to reasonably believe Plaintiff was intoxicated. Upon hearing this, Plaintiff requested to be given a breath or blood test, but his requests were ignored.

22. Plaintiff was in custody for approximately seven hours. Plaintiff was released at approximately 5:00 p.m. with a detention certificate and no criminal charges filed.

23. For the conduct alleged above, Plaintiff hereby bring the following claims for relief:

### FIRST CLAIM FOR RELIEF

### False Arrest / Imprisonment

### (*Plaintiff Against All Defendants*)

24. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25. On April 26, 2025, the Individual Officers unlawfully stopped, seized, and arrested the Plaintiff's person.

26. On April 26, 2025, during said seizure, the Individual Officers unlawfully searched the Plaintiff's person.

27. At all relevant times, the Individual Officers owed a duty to Plaintiff to refrain from conducting an unlawful seizure and search in violation of clearly established law and to act only upon lawful authority, reasonable suspicion, probable cause, or valid consent. The Individual Officers further had a duty to know, understand, and follow clearly established law, policies, and principles governing detentions, searches, and seizures — including the duty not to seize and search individuals without reasonable suspicion and/or probable cause and not to extend a

KIRAKOSIAN LAW, APC

detention beyond its lawful purpose, and not to search closed or private areas without a warrant, exigent circumstances, or voluntary consent.

28.   At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the unlawful seizure and search that caused harm to Plaintiff.

29.   Despite these duties, the Individual Officers knowingly, intentionally, and/or recklessly disregarded the clearly established law, their policies, and principles governing detentions, seizures, and searches in their interactions with Plaintiff and conducted an unlawful seizure of search of Plaintiff.

30.   At all relevant times before the Individual Officers conducted the seizure and search, the Individual Officers did not have a warrant to conduct the seizure and search.

31.   The Individual Officers seized and searched Plaintiff's person and property, and did so intentionally, in that the Individual Officers acted with a conscious objective to do so.

32.   Specifically, by means of force and/or a show of authority, the Individual Officers conducted the seizure by commanding and ordering that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business. During said seizure, the Individual Officers conducted a search of Plaintiff and his personal effects and surroundings by physically manipulating or opening items in an invasive manner beyond any area plainly observable from a public vantage point.

33.   At all relevant times, the seizure, search, and overall encounter was not consensual, but a seizure and search in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business or prevent the invasion of their rights to privacy. At all relevant times before and at the time the Individual Officers conducted the seizure and search, the Individual Officers did not have the express or

PLAINTIFF'S COMPLAINT FOR DAMAGES

implied consent of Plaintiff to conduct the seizure and search. To the contrary, Plaintiff expressly and impliedly objected to and questioned the seizure and search. Notwithstanding those objections, the Individual Officers continued to seize and search Plaintiff's person and property.

34.    At all relevant times before the Individual Officers conducted the seizure and seizure, the Plaintiff had not, did not, and was not about to commit any crime.

35.    Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Officers observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

36.    Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime. Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

37.    At all relevant times before, during, and after the Individual Officers conducted the seizure and search, the Individual Officers did not state any lawful reason or basis as to why the seizure and search was initiated, needed, necessary, reasonable, or lawful.

38.    At all relevant times before and at the time the Individual Officers conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or duration of either the search or seizure. Specifically, the Individual Officers prolonged the detention well beyond the time necessary to address any alleged or purported basis for the initial stop or seizure, continuing to detain, investigate, and restrict Plaintiff without reasonable suspicion, probable cause, or lawful justification. In addition, the Individual Officers exceeded the lawful scope of any permissible search by manipulating and inspecting areas unrelated to any

PLAINTIFF'S COMPLAINT FOR DAMAGES

legitimate safety or evidentiary concern.

39. At all relevant times before and at the time the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to believe that Plaintiff's might gain possession of a weapon.

40. At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that Individual Officers might destroy or hide evidence.

41. At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

42. When conducting the search and seizure, the Individual Officers violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

43. The Individual Officers acted with either the knowledge and intent to violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

44. The Individual Officers' actions were undertaken, at least in part, in retaliation for Plaintiff's lawful assertion of Plaintiff's constitutional rights — including the right to refuse consent to a search, to question the officers' authority, and to otherwise verbally object to unlawful police conduct. The continued detention and invasive search following Plaintiff's refusal to consent and objections to the misconduct demonstrates that the Individual Officers were motivated by retaliation rather than any legitimate law enforcement purpose.

PLAINTIFF'S COMPLAINT FOR DAMAGES

45. Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

46. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's rights.

47. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

48. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

49. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's rights, or because they failed to intervene to prevent these violations.

50. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Redondo Beach. As alleged above, as public employees, the Individual Officers are not immune and can be held directly liable for injury caused by their acts or omissions to the same extent as a private person. Pursuant to California Government Code Section 815.2, Defendant City of Redondo Beach is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

51. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF

### Negligence

*(Plaintiff Against All Defendants)*

52.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

53.    At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure he is free from foreseeable risks of harm and not to expose him to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff as alleged above and herein.

54.    As described herein, the Individual Officers breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required and engaging in the violation of Plaintiff's rights as set forth in further detail herein.

55.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiff's.

56.    Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the seizure, search, or manner in which it was carried out was reasonable or lawful under the circumstances as further alleged above and herein.

57.    Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

58.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's rights.

59.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

- 11 -

PLAINTIFF'S COMPLAINT FOR DAMAGES

60. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

61. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

62. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Redondo Beach. A alleged above, as public employees, the Individual Officers are not immune and can be held directly liable for injury caused by their acts or omissions to the same extent as a private person. Pursuant to California Government Code Section 815.2, Defendant City of Redondo Beach is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

## THIRD CLAIM FOR RELIEF

### Violation of the Bane Act

*(Plaintiff Against All Defendants)*

63. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein). "A reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights." *Reese v. Cnty. of Sacramento*. 888 F.3d 1030, 1045 (9th Cir. 2018).

65. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for

- 12 -

PLAINTIFF'S COMPLAINT FOR DAMAGES

KIRAKOSIAN LAW, APC

damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

66. The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. The Individual Officers violated Plaintiff's rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiff's rights.

67. The conduct of the Individual Officers was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff as described herein.

68. Defendant Individual Officers, while working as police officers for the City of Redondo Beach, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation as further described above and herein.

69. By intentionally engaging in the conduct described herein without any legal justification or excuse with knowledge or reckless disregard that Plaintiff rights would be violated and cause injury and damages to Plaintiff, the Individual Officers violated the Bane Act.

70. The Individual Officers intentionally, spitefully, and coercively committed the above acts with the knowledge, intent, and reckless disregard that they would interfere with Plaintiff rights to be free from unreasonable searches and seizures, due process, and to be free from state actions that violate the law, violate rights, and shock the conscience.

PLAINTIFF'S COMPLAINT FOR DAMAGES

71. The Individual Officers engaged in the foregoing conduct to discourage, prevent, and interfere with Plaintiff from exercising his rights, to retaliate against his for invoking such rights, or to prevent his from exercising such rights, which he was fully entitled to enjoy.

72. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's rights and acted with the intent or reckless disregard and indifference to the likelihood that their conduct would have the intended and same effect on Plaintiff.

73. Plaintiff reasonably believed and understood that the acts described above and herein by the Individual Officers were done with the intent and reckless indifference to the substantial likelihood that their conduct would interfere with Plaintiff's rights, would discourage them from exercising those rights, and would prevent them from exercising such rights.

74. The Individual Officers successfully interfered with the above rights and was a substantial factor in causing the harms, losses, injuries, and damages alleged herein.

75. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

76. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

77. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

78. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Redondo Beach. As alleged above, as public employees, the Individual Officers are not immune

- 14 -

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

and can be held directly liable for injury caused by their acts or omissions to the same extent as a private person. Pursuant to California Government Code Section 815.2, Defendant City of Redondo Beach is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

79.   The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

80.   Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to California Civil Code, Section 52.1 et seq.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Matthew Ralston hereby demands a jury trial on all causes of action and prays for relief and judgment against City of Redondo Beach and its Individual Officers as follows:

1.  For past and future general damages in an amount to be determined by proof at trial;

2.  For past and future special damages in an amount to be determined by proof at trial;

3.  For punitive, treble, and exemplary damages against the Individual Officers;

4.  For reasonable attorneys' fees and costs as provided by statute;

5.  For all penalties and other special damages as allowed by law;

6.  For costs of suit incurred herein;

7.  For interest; and

8.  For such other and further relief as the Court deems just and proper.

Date: January 7, 2026

**KIRAKOSIAN LAW, APC**

*/s/ Gregory L. Kirakosian*

Gregory L. Kirakosian, esq.
Raffi S. Batanian, esq.
*Attorneys for Plaintiff,*
MATTHEW RALSTON

KIRAKOSIAN LAW, APC

- 16 -

PLAINTIFF'S COMPLAINT FOR DAMAGES