UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTHEW RALSTON,

Plaintiff,

v.

CITY OF REDONDO BEACH, *et al.*,

Defendants.

Case No. 2:26-cv-02097-FLA (RAOx)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

1

**<u>ORDER</u>**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28 U.S.C. § 1331 vests in federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States."  A case arises under federal law for 28 U.S.C. § 1331 purposes where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  General federal question jurisdiction under 28 U.S.C. §1331 exists only "when the plaintiff sues under a federal statute that creates a right of action in federal court." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007).

Stated otherwise, for this court to have subject matter jurisdiction over Plaintiff's complaint, Plaintiff must have alleged a federal question on the face of his properly pleaded complaint, meaning that the complaint must allege federal question

jurisdiction in its factual allegations. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

The court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1331 based on the "face" of Plaintiff's complaint. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002). In particular, and without limitation, the court finds that the allegations in the complaint do not demonstrate Plaintiff's claims "arise[] under 42 U.S.C. §1983 of the Federal Civil Rights Act." Dkt. 1, Notice of Removal at 2.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: March 19, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

3